UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:13-CV-24360-DLG

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CHARLES RAYMOND LANGSTON III,
CRL MANAGEMENT, LLC, AND
GUARANTEE REINSURANCE, LTD.

Defendants.
_____/

JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST
DEFENDANTS CHARLES RAYMOND LANGSTON III, CRL MANAGEMENT, LLC,
AND GUARANTEE REINSURANCE, LTD.

Plaintiff Securities and Exchange Commission having filed a Complaint seeking, among other things, permanent injunctions against Defendants Charles Raymond Langston III ("Langston"), CRL Management, LLC ("CRL Management"), and Guarantee Reinsurance, Ltd. ("Guarantee Reinsurance") (collectively "Defendants"); and the Defendants, by the attached Consent of Charles Raymond Langston III, CRL Management, LLC, and Guarantee Reinsurance, Ltd. ("Consent"), having entered a general appearance, consented to the Court's jurisdiction over them and the subject matter of this action and to the entry of this Judgment of Permanent Injunction and Other Relief Against Defendants Charles Raymond Langston III, CRL Management, LLC, and Guarantee Reinsurance, Ltd ("Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction over them), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment; and the Court accepting such Consent and having jurisdiction over them and the subject matter of this action:

1

## I.

## SECTION 17(A) OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that Langston, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by: (i) offering or selling a security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust or confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or (ii) by communicating material nonpublic information about a security or issuer, in breach of a fiduciary duty or other duty of trust or confidence, to another person or persons for purposes of offering or selling any security.

## II.

### SECTION 10(B) AND RULE 10B-5 OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Langston, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by: (i) buying or selling a security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust or confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or (ii) by communicating material nonpublic information about a security or issuer, in breach of a fiduciary duty or other duty of trust or confidence, to another person or persons for purposes of buying or selling any security.

3

**III.**

**RULE 105 OF SECTION M OF THE EXCHANGE ACT**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Rule 105 of Section M of the Exchange Act [17 C.F.R. § 242.105]:

(a) Unlawful activity. In connection with an offering of equity securities for cash pursuant to a registration statement or a notification on Form 1-A (§ 239.90 of the Exchange Act) or Form 1-E (§ 239.200 of the Exchange) filed under the Securities Act of 1933 ("offered securities"), it shall be unlawful for any person to sell short (as defined in § 242.200(a)) the security that is the subject of the offering and purchase the offered securities from an underwriter or broker or dealer participating in the offering if such short sale was effected during the period ("Rule 105 restricted period") that is the shorter of the period:

(1) Beginning five business days before the pricing of the offered securities and ending with such pricing; or

(2) Beginning with the initial filing of such registration statement or notification on Form 1-A or Form 1-E and ending with the pricing.

(b) Excepted activity—

(1) Bona fide purchase. It shall not be prohibited for such person to purchase the offered securities as provided in paragraph (a) of this section if:

(i) Such person makes a bona fide purchase(s) of the security that is the subject of the offering that is:

(A) At least equivalent in quantity to the entire amount of the Rule 105 restricted period short sale(s);

(B) Effected during regular trading hours;

(C) Reported to an "effective transaction reporting plan" (as defined in § 242.600(b)(22)); and

(D) Effected after the last Rule 105 restricted period short sale, and no later than the business day prior to the day of pricing; and

(ii) Such person did not effect a short sale, that is reported to an effective transaction reporting plan, within the 30 minutes prior to the close of regular trading hours (as defined in § 242.600(b)(64)) on the business day prior to the day of pricing.

(2) Separate accounts. Paragraph (a) of this section shall not prohibit the purchase of the offered security in an account of a person where such person sold short during the Rule 105 restricted period in a separate account, if decisions regarding securities transactions for each account are made separately and without coordination of trading or cooperation among or between the accounts.

(3) Investment companies. Paragraph (a) of this section shall not prohibit an investment company (as defined by Section 3 of the Investment Company Act) that is registered under Section 8 of the Investment Company Act, or a series of

such company (investment company) from purchasing an offered security where any of the following sold the offered security short during the Rule 105 restricted period:

(i) An affiliated investment company, or any series of such a company; or

(ii) A separate series of the investment company.

(c) Excepted offerings. This section shall not apply to offerings that are not conducted on a firm commitment basis.

(d) Exemptive authority. Upon written application or upon its own motion, the Commission may grant an exemption from the provisions of this section, either unconditionally or on specified terms and conditions, to any transaction or class of transactions, or to any security or class of securities.

## IV.

### DISGORGMENT AND CIVIL PENALTY RELATING TO SECTION 17(A) OF THE SECURITIES ACT AND SECTION 10(B) AND RULE 10B-5 OF THE EXCHANGE ACT AND PAYMENT INSTRUCTIONS

**IT IS FURTHER ORDERED AND ADJUDGED** that solely relating to the Commission claims for Counts I (Section 17(a)) and II (Section 10b and Rule 10b-5) of its Complaint, Langston shall pay disgorgement of $193,108; pay $22,204 of prejudgment interest thereon; and a $193,108 civil money penalty, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21A of the Exchange Act. [15 U.S.C. § 78u-1]. Hence, in total Langston shall pay $408,420 solely relating to Counts I and II of the Commission's Complaint. Langston shall satisfy this obligation by paying $408,420 he has escrowed, or will escrow within

30 days of executing the Consent, with his counsel to the Securities and Exchange Commission within 30 calendar days after entry of this Judgment.

Langston, or his counsel with whom such funds have been escrowed, may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm or by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Langston as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Langston shall also simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Langston relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Judgment. Langston shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Langston shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount he pays pursuant to this Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. Langston further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to this Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## V.

### DISGORGMENT AND CIVIL PENALTIES RELATING TO RULE 105 OF REGULATION M OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that solely relating to the Commission claims for Count IIII (Rule 105 of Regulation M of the Exchange Act) of its Complaint, the Defendants shall pay disgorgement of ill-gotten gains or losses avoided on a joint and several basis; prejudgment interest thereon, and civil penalties pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. If the parties are unable to come to a resolution, the Court shall determine the amounts of disgorgement, prejudgment interest, and civil penalties upon motion of the Commission. Prejudgment interest shall be calculated from March 31, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement, prejudgment interest thereon, and/or civil penalties, and at any hearing held on such a motion: (a) the Defendants will be precluded from arguing that either of them did not violate the federal securities laws as alleged in the Complaint; (b) the Defendants may not

challenge the validity of the Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint relating to Count III (Violations of Rule 105), except as to the amount of proceeds from trading, number of shares purchased or sold short by Defendants, and amount of disgorgement, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, prejudgment interest thereon, and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Defendants Langston, CRL Management, and Guarantee Reinsurance is incorporated herein with the same force and effect as if fully set forth herein, and that the Defendants shall comply with all of the undertakings and agreements set forth therein.

## VII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

### CERTIFICATION UNDER RULE 54(b)

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** this 4th day of December, 2013 at Miami, Florida.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE