UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-CV-24360-CV-GRAHAM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CHARLES RAYMOND LANGSTON III,
CRL MANAGEMENT, LLC, AND
GUARANTEE REINSURANCE, LTD.

Defendants.
_____/

**FINAL JUDGMENT SETTING MONETARY AMOUNTS RELATING TO THE PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RULE 105 OF REGULATION M OF THE SECURIITES EXCHANGE ACT OF 1934 CLAIM AGAINST DEFENDANTS CHARLES RAYMOND LANGSTON III, CRL MANAGEMENT, LLC AND GUARANTEE REINSURANCE, LTD.**

On December 3, 2013, the Plaintiff Securities and Exchange Commission filed a Complaint against Defendants Charles Raymond Langston III ("Langston"), CRL Management, LLC ("CRL Management"), and Guarantee Reinsurance, Ltd. ("Guarantee Reinsurance") (collectively "Defendants"). On December 5, 2013, the Court entered, by consent, a Judgment of Permanent Injunction and Other Relief against the Defendants, which, among other things, left for future resolution the amount the Defendants should pay to resolve the Commission's monetary claims relating to Rule 105 of Regulation M of the Exchange Act. [*See* DE 4].

Now, the Defendants, by the attached Consent of Charles Raymond Langston III, CRL Management, LLC, and Guarantee Reinsurance, Ltd. to Final Judgment Setting Monetary Amounts Relating to the Plaintiff Securities and Exchange Commission's Rule 105 of Regulation M of the Securities Exchange Act of 1934 Claim ("Consent"), having entered a general appearance, consented to the Court's jurisdiction over them and the subject matter of this

1

action and to the entry of this Final Judgment Setting Monetary Amounts Relating to the Plaintiff Securities and Exchange Commission's Rule 105 of Regulation M of the Securities Exchange Act of 1934 Claim Against Defendants Charles Raymond Langston III, CRL Management, LLC, and Guarantee Reinsurance, Ltd. ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction over them), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment; and the Court accepting such Consent and having jurisdiction over them and the subject matter of this action:

## I.

### DISGORGMENT AND CIVIL PENALTY RELATING TO RULE 105 OF REGULATION M OF THE EXCHANGE ACT

**IT IS ORDERED AND ADJUDGED** that relating to the Commission's monetary claims for Count IIII (Rule 105 of Regulation M of the Exchange Act) of its Complaint, Langston CRL Management, LLC, and Guarantee Reinsurance, Ltd. shall jointly and severally pay disgorgement of $912,854; pay $148,981 of prejudgment interest thereon; and pay a $502,069 civil money penalty, pursuant to Section 21(d) of the Exchange Act. [15 U.S.C. § 78u(d)]. Hence, in total the Defendants shall, jointly and severally, pay $1,563,904 relating to Count III of the Commission's Complaint.

## II.

### PAYMENT INSTRUCTIONS

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that the Defendants shall jointly and severally pay the $1,563,904 ordered herein, plus post-judgment interest thereon, which shall start accruing forty-five (45) days after the entry of this Final Judgment, by transmitting the following payments to the Securities and Exchange Commission on the date(s)

specified herein: (a) no later than 45 days after entry of this Final Judgment, the Defendants shall pay $703,756.80 that has been escrowed with their counsel (or will be escrowed within 45 days of executing the Consent); (b) no later than 120 days after entry of this Final Judgment, the Defendants shall pay an additional $117,292.80; (c) no later than 210 days after entry of this Final Judgment, the Defendants shall pay an additional $117,292.80; and (d) no later than 300 days after entry of this Final Judgment, the Defendants shall pay an additional $625,561.60, plus all post-judgment interest that has accrued pursuant to 28 USC § 1961 ("Payment Plan").

Any of the Defendants, or their counsel with whom such funds have been escrowed, may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm or by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; listing the Defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

The Defendants shall also simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action:

Christopher E. Martin, Esq.
Securities & Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131

By making this payment, the each of the Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's Final Judgment for disgorgement and prejudgment interest, by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 45 days following entry of this Final Judgment. The Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Defendants shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount paid pursuant to this Final Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. The Defendants further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts any of them pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

If the Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the Payment Plan schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Defendants Langston, CRL Management, and Guarantee Reinsurance for Final Judgment Setting Monetary Amounts Relating to the Plaintiff Securities and Exchange Commission's Rule 105 of Regulation M of the Securities Exchange Act of 1934 Claim ("Consent") is incorporated herein with the same force and effect as if fully set forth herein, and that the Defendants shall comply with all of the undertakings and agreements set forth therein.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and the Judgment of Permanent Injunction and Other Relief Against Defendants Raymond Langston III, CRL Management, LLC, and Guarantee Reinsurance, Ltd.

### V.

### BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by each of the Defendants, and further, any debt for disgorgement, prejudgment interest or civil penalty or other amounts due by any of the Defendants in this action are debts for the violations by each of the Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

## UNDER RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** this 22nd day of May, 2015 at Miami, Florida.

_____
**HONORABLE DONALD L. GRAHAM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
All Counsel of Record